UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

DANIELLE D. HAMPTON,

               Defendant.

Case # 22-CR-06196-FPG-MWP

DECISION AND ORDER

## INTRODUCTION

On January 24, 2023, the grand jury returned a three-count indictment against Defendant Danielle D. Hampton. ECF No. 1. Count One of the indictment charges Defendant with possession of cocaine with intent to distribute it, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). *Id.* The second count charges Defendant with maintaining a premises, 304 Adams Street, East Apartment, Rochester, New York (the "Premises"), for the purpose of manufacturing, distributing, and using cocaine, in violation of 21 U.S.C. § 856(a)(1). *Id.* The final count charges Defendant with possession of firearms in furtherance of drug trafficking crimes, in violation of 18 U.S.C. § 924(c)(1)(A). *Id.* The indictment charges that each of the crimes occurred on or about November 18, 2021. *Id.*

Currently pending before the Court are Defendant's objections to the Decision and Order and Report and Recommendation (R&R) of Magistrate Judge Marian W. Payson. ECF No. 47. Judge Payson denied Defendant's motions seeking (i) disclosure of the identity of the confidential informant ("CI") and (ii) an order finding that the government violated its disclosure obligations under *Brady* and the Jencks Act, ECF No. 29, and recommended denial of Defendant's motion to

1

suppress tangible evidence seized during the execution of a search warrant on November 18, 2021.[1] ECF No. 51.

The R&R contains a thorough description of the relevant facts in this case, and therefore, familiarity with the factual background is assumed.

## LEGAL STANDARD

A district court reviews those portions of an R & R to which a party has timely objected *de novo*. Fed. R. Crim. P. 59(b)(3). When a party does not object to a portion of an R & R or when the objections are conclusory, general, or without legal support, a district court reviews those portions for clear error. *See United States v. Preston*, 635 F. Supp. 2d 267, 269 (W.D.N.Y. 2009).

After reviewing the R & R and the objections thereto, a district court "may accept, reject, or modify the recommendation." Fed. R. Crim. P. 59(b)(3). In addition, "[t]he Second Circuit has instructed that where a Magistrate Judge conducts an evidentiary hearing and makes credibility findings on disputed issues of fact, the district court will ordinarily accept those credibility findings." *United States v. Lawson*, 961 F. Supp. 2d 496, 499 (W.D.N.Y. 2013); *see also Carrion v. Smith*, 549 F.3d 583, 588 (2d Cir. 2008).

## DISCUSSION

I. **Motion to Disclose Identity of Confidential Informant**

The R&R denied Defendant's motion to disclose the identity of the CI who worked with Deputy Joshua Prance to conduct several controlled buys of cocaine from the Premises during an investigation into illegal cocaine sales at the Premises. ECF No. 47 at 10-13; ECF No. 29-1 at 5. Defendant objects to this ruling in the R&R, arguing that testimony from the CI is essential to

---

[1] Judge Payson also denied Defendant's motion for a *Franks* hearing, but Defendant does not raise any objection that that portion of the R&R.

establishing that she did not have the requisite state of mind for the offenses charged. ECF No. 51 at 5. The Court disagrees.

The government has the "privilege to withhold from disclosure the identity of persons who furnish information" to it during an investigation into criminal activity. *Roviaro v. United States*, 353 U.S. 53, 59 (1957). A district court has discretion, however, to require disclosure where the CI's identity "is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause." *Id.* at 60-61. A defendant is generally able to establish a right to disclosure "where the informant is a key witness or participant in the crime charged, someone whose testimony would be significant in determining guilt or innocence." *United States v. Saa*, 859 F.2d 1067, 1073 (2d Cir. 1988) (quoting *United States v. Russotti*, 746 F.2d 945, 950 (2d Cir.1984)).

Defendant argues that the CI is essential to help her establish that she did not have the requisite state of mind for the offenses charged, however, this mere conclusory statement is not enough to get her over the line. While establishing *mens rea* is a requisite component of the offenses charged, Defendant has not articulated what the CI could offer in this regard when the CI was not present at the Premises on the date the charged crimes are alleged to have been committed.

Defendant was charged with crimes arising from the execution of the search warrant on November 18, 2021. ECF No. 1. The CI was only involved in the investigation leading up to the application for the search warrant, specifically, in connection with the four controlled buys at the Premises that occurred prior to that date. ECF No. 29-1 at 5-10. Defendant argues that she was not present during the controlled buys and that the CI testify to the same, however, that fact has no bearing on the offenses that are alleged to have been committed on a completely different date. ECF No. 51 at 5. Because Defendant has failed to establish that the CI was present at the Premises

on the date the charged crimes were committed, Defendant cannot show that the CI "is a key witness or participant in the crime charged." *Saa*, 859 F.2d at 1073. Without more, Defendant's contention that the CI's testimony is "is relevant and helpful to [her] defense" is mere speculation. *Roviaro*, 353 U.S. at 60.

Even in circumstances where the CI was a participant and witness to the charged crime, the Second Circuit has upheld a district court's refusal to order disclosure of their identity because a defendant failed to show that the testimony "would have been of even marginal value to the defendant's case." *United States v. Jimenez*, 789 F.2d 167, 170 (2d Cir. 1986). Because Defendant has failed to establish that the CI was a witness or participant or has testimony that is relevant for some other reason, Defendant cannot establish a right to disclosure of their identity. Accordingly, the Court agrees with Magistrate Judge Payson's R&R on this issue and adopts that portion of the R&R.

## II. Disclosure Motions

Defendant maintains that the government's failure to produce the pre-search briefing created by Michael Anderson is a violation of both its *Brady* obligations and the Jencks Act. Magistrate Judge Payson disagreed with Defendant's arguments under *Brady* but did not address Defendant's contention that the pre-search briefing was a witness statement that was required to be produced under Jencks. ECF No. 47 at 13-15.

> Defendant speculates that the pre-search briefing contains the following information:
>
> "the date and place of the search, identity of the members conducting the search, identity of the [p]eople and places to be searched, identity of those present during the search, a description of the nature and extent of the search, any weapons, evidence or contraband found during the search, the basis for initiating the search[,] the name of the supervisor who sanctioned the search, equipment used[,] . . . tactics and strategies that will be employed, special hazards and personal protection needs[,] and post search warrant debriefing."

4

ECF No. 40 at 14. However, the record only establishes that the pre-search briefing contains a log of individuals who attended the pre-search meeting. ECF No. 37 at 56-7. *Brady* only requires that the government produce "evidence favorable to an accused" where such "evidence is material either to guilt or to punishment." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Based on the record, there is nothing about the pre-search briefing that would appear to be favorable to Defendant or material to Defendant's guilt or innocence. Rather, on the record, the pre-search briefing more closely resembles an internal investigative document, which is expressly excluded under Federal Rule of Criminal Procedure 16. Specifically, any internal investigative documents "made by the attorney for the government or any other government agent investigating or prosecuting the case" are excluded from discovery. Fed. R. Crim. P. 16(a)(2). Accordingly, this Court agrees with Magistrate Judge Payson that Defendant has not shown that a *Brady* violation has occurred with respect to the pre-search briefing.

The Jencks Act, which applies only to "statements" made by witnesses, is equally unavailing for Defendant. 18 U.S.C. § 3500. Statements under the Jencks Act are "by [their] very nature, a recitation of past occurrences." *United States v. Percevault*, 490 F.2d 126, 131 (2d Cir. 1974). As describe on the record, the pre-search briefing is not a recitation of any occurrence at all but simply an administrative document prepared to assist persons involved in the investigation in advance of executing the search warrant. Accordingly, the pre-search briefing is not captured by the provisions of the Jencks Act and does not provide Defendant with an avenue to compel the government to provide her with a copy.

Because the Court agrees with the R&R in so far as it denies Defendant's motion to issue an order finding that the government violated its *Brady* discovery obligations, the Court hereby

adopts that portion of the R&R in full and supplements it to include the foregoing analysis under the Jencks Act.

**III.    Execution of Search Warrant**

Defendant seeks to have all tangible evidence obtained during the execution of the search warrant on November 18, 2023 suppressed because, in Defendant's view, the search became a general search and is therefore invalid. ECF No. 51 at 6. In the R&R, Magistrate Judge Payson recommended denying this motion. ECF No. 47 at 21. Defendant objects to the R&R by arguing that it "failed to properly address the malfeasance on part of law enforcement," and that "the cases cited [in the R&R] are easily distinguishable" from this case. ECF No. 51 at 7. The "malfeasance" that Defendant refers to is law enforcement's seizure of the cell phones during the execution of the search warrant and failure to read the warrant prior to execution. *Id.* at 8. According to Defendant, the search warrant issued by Judge Randall expressly "prohibited" the seizure of cell phones and that by ignoring that directive, law enforcement "undermin[ed] the authority of the issuing magistrate" and "transform[ed] the search into a general one." *Id.* at 6. The Court disagrees with Defendant's objection.

First, contrary to Defendant's contention, the R&R did address law enforcement's failure to read the warrant and their seizure of the cell phones. On page 23 of the R&R, Magistrate Judge Payson addressed Defendant's argument regarding law enforcement's failure to read the search warrant prior to its execution. ECF No. 47 at 23. Specifically, Magistrate Judge Payson concluded that "evidence that the officers who executed a warrant conducted a search without first reading the warrant does not, without more, transform the search into an impermissible general search." *Id.* (citing *United States v. Armstrong*, 406 F. App'x 500, 501 (2d Cir. 2010) (summary order)). This Court agrees with Magistrate Judge Payson's conclusion. In *Armstrong*, the Second Circuit

upheld the district court's order denying defendant's motion to suppress physical evidence obtained in a search even though the officers had not read the warrant because the officers had enough objective information—knowledge that a warrant had been issued to search for crack cocaine at defendant's apartment—to conduct a reasonable search falling within the parameters of the Constitution. *Id.*; *see also Brigham City v. Stuart*, 547 U.S. 398, 404 (2006) ("An action is reasonable under the Fourth Amendment, regardless of the individual officer's state of mind, as long as the circumstances, viewed objectively, justify [the] action." (emphasis in original; internal quotation marks omitted)).

Like *Armstrong*, Anderson and the other officers had enough objective information to conduct a reasonable search within constitutional parameters. Anderson reviewed the application and the proposed warrant before submitting it to Judge Randall. ECF No. 37 at 58-59, 70. Although, he did not review it again after Judge Randall issued the warrant, he was informed by a team investigator that the warrant had been issued to search for cocaine at the Premises. *Id.* at 70. This is enough objective information to conduct a reasonable search falling within the parameters of the Constitution. Defendant fails to articulate how her case is meaningfully different from *Armstrong* such that a different outcome is warranted. Rather, Defendant focuses on framing the officers' actions as a "willful dereliction of duty and open defiance to the authority of the issuing magistrate." ECF No. 51 at 7. But as the Supreme Court noted in *Brigham City v. Stuart*, state of mind is irrelevant so "long as the circumstances, viewed objectively, justify [the] action." 547 U.S. at 404. The circumstances of the search in this case objectively justify the actions taken.

As it relates to the seizure of cell phones, Magistrate Judge Payson also addressed that argument on pages 27, 28, and 29 of the R&R. ECF No. 47 at 27-29. Defendant argued that Judge Randall expressly prohibited seizure of the cell phones because he struck a portion of the draft

7

warrant that included seizure of cell phones. Defendant renews that argument in objecting to the R&R, but without new legal support or argumentation. As Magistrate Judge Payson reasoned, "language that has been struck from a warrant should be considered a nullity." *Id.* at 27. Magistrate Judge Payson relied on principles of law arising from a case in the First Circuit where the court concluded that "crossed-out text should simply be treated as nonexistent." *United States v. Peake*, 804 F.3d 81, 89 (1st Cir. 2015). This principle is consistent with the unquestioned practice of looking "directly to the text of the search warrant to determine the permissible scope of an authorized search." *United States v. Swinton*, 251 F. Supp. 3d 544, 551 (W.D.N.Y. 2017). Therefore, if in looking to the text, one could reasonably conclude that the seizure of cell phones is permitted, absent language cannot undermine that. Defendant has not pointed to any case or rule of law that requires giving more meaning to the absence of language in a warrant rather than considering its absence as a nullity and relying on the language that is present. Therefore, this Court agrees with Magistrate Judge Payson's conclusion to treat the stricken text as a nullity, and the reasoning upon which it is based.

Using these principles as a guide, Magistrate Judge Payson also concluded that the language existing in the warrant authorized the seizure of cell phones because it authorized the seizure of electronic devices "used for the purposes of video and/or audio surveillance" and "any device to store media, video, pictures, and images from cameras." ECF No. 29-2 at 3-4. Because cellphones can be used in connection with video or audio surveillance and/or store footage of video or audio surveillance, this Court finds that Magistrate Judge Payson's conclusion was correct. This conclusion is buttressed by the outcome in *Peake*, where the First Circuit upheld the seizure of "personal digital assistants" even though specific reference to those devices were stricken from the final version of the warrant because "the remaining text of the warrant was valid and authorized

8

them to do so." *Peake*, 804 F.3d at 88-89. In her objection, Defendant has not argued that the portion of the warrant authorizing seizure of devices "used for the purposes of video and/or audio surveillance" and "any device to store media, video, pictures, and images from cameras" was invalid. ECF No. 51 at 7. Her only argument is that Magistrate Judge Payson was incorrect to assume that a cellphone could be a device used for the purpose of video and/or audio surveillance. However, this argument is of no avail considering the widely known advances in technology that have enabled cellphones to be used to monitor or review images captured by doorbell cameras or other security cameras—as any user of the widely used "Ring" camera could attest while watching footage of the postal service worker delivering their mail.

## CONCLUSION

For the foregoing reasons, the R&R is adopted in full, and supplemented to include the Jencks analysis in Section II herein. Accordingly, Defendant's motion to disclose the identity of the confidential informant is DENIED. Defendant's motion to issue an order that the government violated the Jencks Act and its *Brady* obligations is DENIED. Defendant's motion to suppress all tangible evidence obtained during the execution of the search warrant is DENIED.

IT IS SO ORDERED.

Dated: April 9, 2024
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York